UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY LUCIBELLO,

        Plaintiff,

vs.                        Case No.  2:05-cv-455-FtM-29DNF

PIK 'N RUN#7, INC.,

        Defendant.

_____

**OPINION AND ORDER**

      This matter comes before the Court on plaintiff's Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. #25), filed on May 8, 2006.  Defendant filed a Memorandum of Law in Opposition (Doc. #26) and an Affidavit as to Reasonable Attorney's Fees (Doc. #27) on May 17, 2006.

**I.**

      On September 27, 2005, plaintiff initiated the case by filing a Complaint (Doc. #1) against The Pik 'N Run/Shell/Dunkin Donuts located in Port Charlotte, Florida, alleging barriers to access in violation of the Americans with Disabilities Act (ADA).  Although a Clerk's Entry of Default (Doc. #7) was initially entered, defendant moved to set aside the default and filed an Answer and Affirmative Defenses (Doc. #8) on November 8, 2005.  The default was set aside.  (Doc. #10).  A Case Management and Scheduling Order

(Doc. #17) was entered on December 22, 2005, and defendant filed an Amended Answer and Affirmative Defenses (Doc. #21) January 11, 2006. On April 24, 2006, the parties sought approval of a Consent Decree pursuant to a settlement. On the same day, the Court entered an Order Approving Consent Decree (Doc. #23) and retained jurisdiction for the purposes of enforcement. Judgment (Doc. #31) was entered on April 25, 2006. No dispositive motions were filed or considered during the pendency of the case, and the case was resolved without Court intervention except as to fees and costs.

## II.

Under 42 U.S.C. § 12205, a prevailing party is entitled to a "reasonable attorney's fee, including litigation expenses, and costs" at the Court's discretion. Defendant argues that the Court should exercise its discretion and deny the award of fees and costs because of the failure to provide pre-suit notice. Pre-suit notice is not statutorily required, therefore the Court will not deny fees and costs on that basis.

The Court finds that plaintiff is the prevailing party, as defined by the Eleventh Circuit Court of Appeals, and is entitled to a reasonable fee, including expenses and costs under the terms of the Consent Decree. The Court must, however, determine whether the fee request is reasonable as to the hours and the rate. The Court concludes that the amount of a reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. A reasonable hourly rate is "the

prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  Plaintiff seeks attorney fees in the amount of $9,063.00 at a rate of $265.00 per hour for 34.20 hours of work.  Plaintiff further seeks $1,229.27 for expert fees and $650.10 in costs.

## A.

Upon review, the Court finds that counsel Stephan M. Nitz has not demonstrated that $265.00[1] an hour is a reasonable hourly rate. The undersigned has previously found that $200.00 an hour is a reasonable rate for Mr. Nitz.  See Lucibello v. Kimi Haga, Inc., 2:05-cv-269-FTM-29SPC; Lamb v. Shivani, Inc., 2:05-cv-50-FTM-29DNF; Lamb v. Patel, 2:05-cv-51-FTM-29DNF.  The Court finds that $200 is the reasonable rate in this case.

## B.

The Court finds that the hours requested are excessive in light of the standardized pleadings and progress of the case.  It is clear that the time and labor, level of difficulty required, and requisite skill were minimal, given the appearance of counsel and his firm in hundreds of cases, including cases ending with the

---

[1]Plaintiff suggests that $265.00 an hour is an appropriate rate based on the determination by other judges that $265.00 an hour is reasonable.  The Court notes that some judges have also found $175.00 to be the more appropriate hourly rate for this area based on statistics maintained by the Florida Bar.

entry of a Consent Decree.[2]   Additionally, the Court is not inclined to award fees for traveling because plaintiff chose counsel outside of the area.   The following hours will be reduced or eliminated:

| DATE: | HOURS REQUESTED: | REDUCED AMOUNT: |
|-------|------------------|-----------------|
| 08/15/2005 | 0.70 | 0.30 |
| 08/16/2005 | 0.30 | 0.00 |
| 09/09/2005 | 0.80 | 0.20 |
| 09/16/2005 | 0.50 | 0.10 |
| 09/21/2005 | 0.40 | 0.10 |
| 09/22/2005 | 0.60 | 0.10 |
| 09/27/2005 | 0.20 | 0.00 |
| 09/28/2005 | 0.50 | 0.10 |
| 10/03/2005 | 0.10 | 0.00 |
| 10/04/2005 | 0.30 | 0.00 |
| 10/31/2005 | 0.70 | 0.10 |
| 11/01/2005 | 0.30 | 0.10 |
| 11/09/2005 | 0.60 | 0.00 |
| 12/01/2005 | 5.40 | 00.0 |
| 12/02/2005 | 0.50 | 0.30 |
| 12/22/2005 | 0.30 | 0.10 |
| 01/31/2006 | 0.70 | 0.30 |
| 02/01/2006 | 2.40 | 1.40 |
| 02/02/2006 | 0.80 | 0.40 |

---

[2]The law firm of Schwartz Zweben & Slingbaum, LLP, has filed over 500 cases in the Middle District of Florida and it is clear that many of the filings are now standardized, including the Consent Decree and the Motion seeking fees and costs.

| 02/10/2006 | 0.60 | 0.30 |
| 05/08/2006 | 0.50 | 0.10 |
| **TOTAL:** | 17.2 | 4.0 |

(Doc. #25, Ex. A).  Therefore, the 34.2 hours requested will be reduced to 21 hours at a rate of $200.00 an hour for a total of **$4,200.00**.  The Court finds that this amount reasonably reflects the effort exerted by plaintiff's counsel.

**C.**

Plaintiff seeks $650.10 in costs and expenses.  Upon review, the Court finds that the amount should be reduced to eliminate the costs for the ownership search, postage, and travel expenses as overhead.  Additionally, the Court finds no justification for the $100.00 expense for Cathy Edwards.  It is unclear what Cathy Edwards' qualifications are to conduct a "prelitigation inspection," or why such an inspection was necessary.  Therefore, the Court will award costs and expenses in the amount of **$376.50[3]**.

**D.**

Plaintiff also seeks reimbursement for expert fees for hiring Tcherneshoff Consulting, Inc. to conduct the inspection of the property.  Plaintiff seeks a total of $1,229.27.  The Invoice (Doc. #25, Ex. B) reflects a charge of $500.00 for travel to and to

---

[3]Defendant argues that the copying costs should also be eliminated, however, the Court finds that these are costs that a prevailing party might otherwise be entitled to pursuant to Fed. R. Civ. P. 54.  See also 28 U.S.C. § 1920.  Therefore, the costs will be permitted.

attend the inspection.  Just as plaintiff could hire local counsel, plaintiff's counsel could have found a local expert.  Therefore, the amount requested will be reduced and the Court will allow **$729.27.**

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. #25) is **GRANTED** to the extent indicated above.

2.   The Clerk shall enter an Amended Judgment adding that plaintiff is entitled to $4,200.00 in attorney's fees, $376.50 in costs, and $729.27 in expert expenses.

3.   The Clerk shall close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of June, 2006.


_____
JOHN E. STEELE
United States District Judge




Copies:  Counsel of record

-6-